## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 31 2020, 6:43 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

R. Lee Money
Greenwood, Indiana

ATTORNEY FOR APPELLEE

Elizabeth Eichholtz Walker
Becker Bouwkamp Walker, P.C.
Indianapolis, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

Jordan Laycock,

*Appellant-Respondent,*

v.

Megan (Laycock) Seifrig,

*Appellee-Petitioner.*

January 31, 2020

Court of Appeals Case No. 19A-DC-1721

Appeal from the Marion Superior Court

The Honorable John M.T. Chavis II, Judge

The Honorable Ian Stewart, Commissioner

Trial Court Cause No. 49D05-1809-DC-37848

**Mathias, Judge.**

[1] Jordan Laycock ("Father") appeals from an order of the Marion Superior Court granting Megan Seifrig's ("Mother") request for relocation and modification of

physical custody, parenting time, and child support as to their child, J.L. ("Child"). Father presents three issues for our review:

I.    Whether the trial court applied the proper custody modification statute;

II.   Whether the evidence supports that Mother acted in good faith;

III.  Whether the evidence supports the trial court's finding that relocation is in Child's best interests.

We affirm.

## Facts and Procedural History

Mother and Father were married in 2014 and have one child, J.L., born in 2015. The parties lived together in Marion County along with Mother's elder child from a prior relationship. The parties' marriage was dissolved on January 2, 2019, by a dissolution of marriage settlement agreement. Relevant to the issues on appeal, the agreement provides:

> Husband and Wife have agreed to an award of joint legal custody as defined by [Indiana Code section] 31-9-2-67 after consideration of each party's fitness and suitability to share legal custody, the parties' ability and willingness to communicate and cooperate in advancing the child's welfare and wishes, that the child has established a close and beneficial relationship with both parties, that the parties live in close proximity to each other and plan to continue to do so, and the nature of the physical and emotional environment in the home of each of the parties.
>
> Further, after due consideration of the eight (8) statutory factors of IC § 31-17-2-8, the parties' agreement to share joint legal custody, and the best interests of the child, Husband and Wife

> have agreed to equally share parenting time with the child
> without a designation of either party being the custodial or non-
> custodial parent.

> \* \* \*

> The child's residence shall remain in Indiana until further order
> of the Court.

Appellant's App. pp. 17–18 (statutory citations omitted). Accordingly, Mother and Father shared joint legal and physical custody of Child after the January 2019 dissolution of their marriage. Father agreed to pay child support to Mother in the amount of $91.00 per week.

[4] On March 22, 2019, Mother filed a notice of intent to move to a residence in Bel Air, Maryland. The notice stated as the specific reason for relocation that Mother "would like to take on a new role with the US Army/National Guard." Appellant's App. p. 34. In response, Father filed his objection to the relocation and requested an evidentiary hearing on the matter.

[5] Both parties testified at a June 19, 2019 hearing. At the conclusion of the hearing, the trial court granted Mother's petition to relocate and awarded Mother primary physical custody; Father and Mother continued to share legal custody. The trial court's order was issued on June 27, and stated in relevant part:

> 49) In weighing the factors, Mother's relocation with [Child] should be and is approved subject to order securing Father's parenting time. The factors of I.C. § 31-17-2.2-1 and I.C. § 31-17-

2-8 weigh in favor of Mother having primary physical custody. The Court realizes that the distance between Maryland and Indiana will create hardships and that the familial bonds will be under stress. The Court is sympathetic to Father, but finds that it is in the best interests of [Child] that he be allowed to relocate to Maryland with his Mother and his siblings.

Appellant's App. p. 43. Father now appeals the trial court's order. Additional facts will be provided as needed.

## Standard of Review

[6] The trial court here entered findings sua sponte; thus, its specific factual findings control only the issues they cover, while a general judgment standard applies to issues upon which there are no findings. *C.B. v. B.W.*, 985 N.E.2d 340, 344 (Ind. Ct. App. 2013), *trans. denied*. We may affirm a general judgment upon any legal theory supported by the evidence introduced at trial. *Id.* In our review, we first consider whether the evidence supports the factual findings, and second whether the findings support the judgment. *Id.* "Findings are clearly erroneous only when the record contains no facts to support them either directly or by inference." *Quillen v. Quillen*, 671 N.E.2d 98, 102 (Ind. 1996). A judgment is clearly erroneous if it relies on an incorrect legal standard, and while we defer substantially to findings of fact, we do not do so to conclusions of law. *C.B.*, 985 N.E.2d at 344.

[7] Furthermore, when reviewing for abuse of discretion, "we review custody modifications . . . with a preference for granting latitude and deference to our trial judges in family law matters." *Wilson v. Myers*, 997 N.E.2d 338, 340 (Ind.

2013) (quotation omitted). In reviewing the trial court's determination, we neither reweigh evidence nor judge the credibility of witnesses. *Joe v. Lebow*, 670 N.E.2d 9, 23 (Ind. Ct. App. 1996). We will not substitute our judgment for that of the trial court if any evidence or legitimate inferences therefrom support the trial court's judgment. *Kirk v. Kirk*, 770 N.E.2d 304, 307 (Ind. 2002).

### I. *Modification of Custody Due to Relocation*

[8] We first address Father's argument that the trial court applied the wrong statutory analysis and failed to find a substantial change necessitating modification of custody. Ordinarily, custody modification is permitted only where modification is in the best interests of the child and there has been a substantial change in one or more of the factors identified in Indiana Code section 31-17-2-8 ("the Section 8 factors"), which include, among other factors, the age of the child, wishes of the parents, and interaction of the child with parents, siblings, and others that affect the child's best interests. Ind. Code § 31-17-2-21(a).

[9] Indiana Code section 31-17-2.2-1 ("Chapter 2.2") governs the modification of custody when relocation is an issue. Relocation does not require modification of a custody order. *In re Paternity of J.J.*, 911 N.E.2d 725, 729 (Ind. Ct. App. 2009). "The court *may consider* a proposed relocation of a child as a factor in determining whether to modify a custody [or] parenting time order." I.C. § 31-17-2.2-2(b) (emphasis added). If either the relocating or nonrelocating parent requests a hearing on proposed relocation, "the court shall hold a full evidentiary hearing to allow or restrain the relocation of the child and to review

and modify, *if appropriate*, a custody order, parenting time order . . . or child support order." I.C. § 31-17-2.2-5(d) (emphasis added). The statute also describes how the burden of proof shifts between the relocating and nonrelocating parent:

> (e) The relocating individual has the burden of proof that the proposed relocation is made in good faith and for a legitimate reason.

> (f) If the relocating individual meets the burden of proof under subsection (e), the burden shifts to the nonrelocating parent to show that the proposed relocation is not in the best interest of the child.

I.C. § 31-17-2.2-5.

[10] Here, Father asserts that the trial court did not apply Indiana Code section 31-17-2.2-5(d). Appellant's Br. at 20. To the contrary, the trial court stated:

> 28) Typically, Ind. Code § 31-17-2.2-5(d) shifts the burden to the non-relocating parent to show that proposed relocation is not in the best interests of the child. However, this analysis is adjusted because in the present case, the parties share physical custody of the child. Mother's relocation to Maryland necessitates that there will be modification of the joint physical custody. Therefore, the Court does not place the burden on Father but instead looks at what the evidence shows is in the best interests of the child. In weighing the evidence, the Court looks to I.C. § 31-17-2-8 and I.C. § 31-17-2.2-1(b).

Appellant's App. p. 40.

[11]    To the extent the trial court characterized Mother's relocation as "necessitating" custody modification, it misstated the effect of relocation. *See Baxendale v. Raich*, 878 N.E.2d 1252, 1257 (Ind. 2008). More likely, the trial court was simply noting that Father, as the nonrelocating party, objected to the relocation and thus the court was required to intervene to determine if modification was appropriate. And, when the nonrelocating parent seeks custody because of relocation, the trial court "shall" take into account the following factors in considering the proposed relocation:

> (1) The distance involved in the proposed change of residence.

> (2) The hardship and expense involved for the nonrelocating individual to exercise parenting time or grandparent visitation.

> (3) The feasibility of preserving the relationship between the nonrelocating individual and the child through suitable parenting time and grandparent visitation arrangements, including consideration of the financial circumstances of the parties.

> (4) Whether there is an established pattern of conduct by the relocating individual, including actions by the relocating individual to either promote or thwart a nonrelocating individual's contact with the child.

> (5) The reasons provided by the:

>> (A) relocating individual for seeking relocation; and

     (B) nonrelocating parent for opposing the relocation of the child.

    (6) Other factors affecting the best interest of the child.

I.C. § 31-17-2.2-1(b); *see Swadner v. Swadner*, 897 N.E.2d 966, 976 (Ind. Ct. App. 2008) (applying these factors to consideration of a motion to prevent relocation).

[12] The "[o]ther factors affecting the best interest of the child" include, by implication, the Section 8 factors set forth for custody determinations and modifications. *Baxendale*, 878 N.E.2d at 1257; *see also In re Marriage of Harpenau*, 17 N.E.3d 342, 346 (Ind. Ct. App. 2014). The trial court need not, however, identify a substantial change in one of the Section 8 factors before ordering a change in custody due to relocation. *Baxendale*, 878 N.E.2d at 1257; *see also Jarrell v. Jarrell*, 5 N.E.3d 1186, 1192 (Ind. Ct. App. 2014) (stating that relocation-based modification need not involve a substantial change to one of the Section 8 factors). Therefore, Father's assertion that it was error for the trial court to order custody modification without a substantial change in one or more Section 8 factors is without merit. Our review of the trial court's order reveals no error in its application of the relevant statutes, and we proceed to address Father's remaining arguments.[1]

---

[1] If anything, the trial court lessened the burden of proof for Father, because the nonrelocating parent ordinarily must prove modification is not in the best interests of the child. It noted that the existing shared physical custody arrangement between Mother and Father meant that the burden-shifting "analysis is

## II. Good Faith Relocation

[13] Father also argues that the evidence does not support a finding that Mother acted in good faith. Appellant's Br. at 12. It is incumbent upon the relocating parent to prove that the proposed relocation is made in good faith and for a legitimate reason. I.C. § 31-17-2.2-5(e). Because there are no explicit criteria for determining whether a relocation is in good faith, our court has generally required that the moving parent demonstrate an objective basis—that is, "more than a pretext"—for relocating. *Gold v. Weather*, 14 N.E.3d 836, 841-42 (Ind. Ct. App. 2014), *citing T.L. v. J.L.*, 950 N.E.2d 779, 787 (Ind. Ct. App. 2011). Common reasons for relocation that are generally considered to be legitimate and in good faith include a desire to live near family members, financial reasons, and to obtain or maintain employment. *T.L.*, 950 N.E.2d at 787-88; *see also In re Paternity of X.A.S.*, 928 N.E.2d 222 (Ind. Ct. App. 2010) (holding that trial court erred in denying request to relocate filed by parent whose spouse's service in the Navy required move to California), *trans. denied*; *Rogers v. Rogers*, 876 N.E.2d 1121, 1130 (Ind. Ct. App. 2007) (concluding that relocation to Texas was in good faith and for a legitimate reason when it would bring the children into closer proximity to mother's family and would allow mother to obtain better-paying employment), *trans. denied*.

adjusted." Appellant's App. p. 40. Because we find that the trial court applied the correct statutory analysis, we decline to discuss further whether it was appropriate to not impose the burden of proof on Father. *See also Baxendale*, 878 N.E.2d, n. 5 (noting in the good-faith relocation context that custody modification ultimately turns on the best interests of the child, regardless of which parent seeks modification).

[14]     In this case, Mother testified to her reasons for relocating. After the dissolution of marriage to Father, she had remarried and her new husband, a member of the United States Army, is stationed in Maryland. Mother, employed by and serving in the Indiana National Guard, testified that she wanted to seek full-time civilian employment to avoid the possibility of military deployment. Furthermore, in the spring of 2019, Mother gave birth to a child with her husband and wished to live together with him and their child. Accordingly, the trial court found the following as to Mother's reason for relocating:

> 26) Pursuant to Ind. Code § 31-17-2.2-5(c), the Court must first consider whether the move is for a legitimate purpose. Here the Court finds that Mother is relocating to her new husband's home, who is also the father of her daughter, [L.]. Further, Mother is seeking employment in the Washington D.C. area as a non-deployable civilian with ties to the military, in order to focus on the needs of her children and new Husband. The new Husband has an established residence in Maryland, with extensive family support, with the ability to provide and care for Mother and children, regardless of her employment.
>
> 27) It is Mother's burden to show that the relocation is for a legitimate purpose. The Court finds that Mother's relocation is for a legitimate purpose.

Appellant's App. p. 40.

[15]     Absent from this finding is an explicit reference to Mother's good faith, or lack thereof. Father argues that because Mother agreed to shared physical custody just three months prior to filing her notice of intent to relocate, Mother acted in bad faith. Appellant's Br. at 10. The trial court did not enter a specific finding as

to Mother's good faith, but we presume that the court was satisfied that she met her burden of proof on the matter because it ultimately allowed her relocation with Child. *See* I.C. § 31-17-2.2-5(e). Thus, we apply the general judgment standard and determine whether there is sufficient evidence to support the trial court's judgment that Mother proposed relocation to Maryland in good faith.

[16] Our review of the record reveals that the trial court indeed addressed Mother's good faith, specifically because the timing of the events revealed that Mother must have been pregnant at the time of the parties' dissolution of marriage settlement agreement in January 2019. Mother testified that she knew she was pregnant and that she knew the child's father lived in Maryland when she signed the agreement. Tr. p. 27. Father also testified that he knew Mother was pregnant and that he knew the father of her child lived in Maryland, but that "that's why the settlement agreement explicitly states [Child]'s state of residence is the State of Indiana—that was signed too by [Mother]." Tr. pp. 54-55. Yet the agreement—which established the shared custody arrangement now affected by Mother's relocation—failed to include language clearly communicating Mother's pregnancy. Appellant's App. p. 12. The trial court expressed its concern with the good faith of all involved:

> [Court]: I feel that the parties kind of pulled one over on the Court. [T]he youngest child—obviously Mom was pregnant at the time, correct? That this settlement agreement was signed.

> [Father's Counsel]: Yes.

[Court]: Okay—the way it was written, "Wife is not presently pregnant by Husband." Do counsel want to indicate whether that was an intent to pull one over on the Court? Or whether that was done in good faith?

[Father's Counsel]: I—think it was done in good faith.

[Mother's Counsel]: Absolutely in good faith, Your Honor.

Tr. pp. 12-13.[2]

[17] The dissolution court's knowledge that Mother was starting an out-of-state family, of course, likely would have raised the prospect of her Mother's potential future relocation and thus have been relevant to its initial custody determination as to Child. Nevertheless, the trial court determined Mother's reasons for relocating to Maryland with Child were legitimate because Mother's husband was employed there; Mother sought civilian employment and the location is in close proximity to Washington, D.C., with its abundance of federal jobs; and because Mother wished to raise her infant daughter with her husband. Appellant's App. p. 40. This finding was not in clear error.

[18] The trial court did not make a specific finding as to Mother's good faith. But because the trial court directly addressed the issue during hearing, found Mother's reasons for relocation legitimate, and ultimately ordered her to have

---

[2] At the conclusion of the hearing, the trial court admonished counsel to *not* use in future settlement agreements language that obfuscates the matter of whether a party is expecting a child by someone other than the party to whom dissolution of marriage is sought. We must agree this is unwise.

primary physical custody of Child, we presume that the trial court was persuaded that Mother's relocation was proposed in good faith. Here, the testimony of both parties and their counsel, plus the direct questioning by the court on the matter of good faith, provides sufficient evidentiary support for the trial court's general judgment that Mother's relocation was proposed in good faith, in addition to being supported by legitimate reasons. *See Gold*, 14 N.E.3d at 843 (in the general judgment context, finding that the record supported the trial court's determination that mother legitimately desired to be near her family and declining to reweigh the evidence as to mother's good faith).

### III.   Child's Best Interests

[19]    Finally, Father argues that the evidence does not support a finding that relocation and modification of custody is in Child's best interests. Appellant's Br. at 11. Specifically, Father contends that Child's loss of proximity to Father interferes with Father's constitutional right to parent and is not in Child's best interests. Appellant's Br. at 12. As explained, *supra*, the statutory analysis for the appropriateness of custody modification due to relocation turns on what is in the best interests of the child. *See* I.C. § 31-17-2.2-1. Here, the trial court engaged in a methodical consideration of both the Chapter 2.2 relocation factors and the Section 8 "best interests" factors, ultimately determining that custody modification due to Mother's relocation was in the Child's best interests. Appellant's App. p. 38. Thus, we review the trial court's findings and conclusion for clear error.

[20] First, the trial court acknowledged the substantial distance between Indiana and Maryland and the associated hardship and expense in maintaining the parental relationship that Father could anticipate as the nonrelocating parent. Appellant's App. p. 40. The trial court credited Mother's attempts to alleviate that hardship by proposing a complete reduction in Father's current child support order and by allowing for Father to have parenting time in excess of the Indiana Parenting Time Guidelines minimum. *Id.* at 40-41. The trial court found no established pattern of conduct by Mother to thwart Father's contact with Child. *Id.* at 41. In weighing Mother's reason for relocating and Father's reason for opposing relocation, the trial court determined both were legitimate and thus had a negating effect on the other. *Id.*

[21] Then the trial court examined the Section 8 factors affecting Child's best interests. *Id.* Of particular relevance was Section 8(4), the interaction and interrelationship of Child with parents, siblings, and any other person significantly affecting Child's best interests. On this factor, the trial court found the evidence to weigh in Mother's favor:

> 41) The child in the present cause has two siblings, [L.] age 3 months and [E.] age 7 who will be relocating to Maryland. This factor strongly weighs in favor of [Child] also moving to Maryland. The bounds [*sic*] of siblings are strong and should be nourished. Both parties admit that [Child] and [older brother E.] have a strong bound; this bound would necessarily suffer if the two brothers were separated for the majority of the year. While [Child]'s bond with [L.] has not yet developed because of her age, allowing [Child] to spend the majority of his time in Maryland would allow this connection to grow.

42) [T]here are others in the child's life. Both parties have parents that live in Indiana to whom the child has been regularly exposed. Mother's family is roughly three hours away and Father's family is just about an hour north of Indianapolis, in Peru, Indiana. There are grandparents on both sides who have been involved. There was no evidence presented however that their relationship with [Child] would suffer by his relocation.

43) In sum, Section 8(4) weighs in favor of Mother having custody of the child. [Child]'s siblings will be in Maryland. Awarding primary physical custody of [Child] with his Father would not allow the sibling relationships to flourish as they should.

Appellant's App. p. 42.

[22]   The trial court went on to determine that there was no evidence due to Child's young age that severing ties to his pre-school and community would be harmful. *Id.* Thus, the trial court concluded that the weight of the Chapter 2.2 relocation factors and Section 8 factors fell in favor of relocation and ordered primary physical custody of Child to Mother.

[23]   Change of location of one parent is always a difficult and fraught situation. However, our review of the trial court's factual findings convinces us that the court gave full weight and value to Father's right to parent. Appellant's Br. at 19. The trial court's order included that Father would have parenting time pursuant to the Indiana Parenting Time Guidelines where distance is a major factor, and additional parenting time in the summer. The trial court eliminated Father's child support obligation to lessen the financial burden of exercising his

parenting time. Appellant's App. p. 43. Because the trial court made thorough factual findings on each factor that it was required to consider under our statutory scheme, and those findings supported its judgment, the trial court did not err in concluding that Mother's relocation and award of primary physical custody was in Child's best interests.

## Conclusion

We hold that the trial court did not err in its statutory analysis of Mother's notice of intent to relocate and the associated custody modification that her relocation prompted. Sufficient evidence supports a finding that Mother's relocation was proposed in good faith. Finally, the trial court's findings as to the Child's best interests are supported by the facts presented, and its findings support its judgment approving Child's relocation and awarding Mother primary physical custody. For all of these reasons, we affirm the trial court's decision.

Affirmed.

Kirsch, J., and Bailey, J., concur.